### McCLELLAND v. BAUM et al.

(Supreme Court, Appellate Term. January 17, 1905.)

1. ADJOINING LANDOWNERS—INJURIES TO BUILDINGS—LIABILITY—INDEPENDENT CONTRACTOR.

In an action against adjoining landowners for injuries to the building of plaintiff's assignor, evidence *held* to sustain verdict for plaintiff.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Hyacinth G. McClelland against Jacob Baum and another. From a Municipal Court judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Kantrowitz & Esberg, for appellants.
William L. Allen, for respondent.

MacLEAN, J.   The building of the plaintiff's mother, his assignor, was damaged in the tearing down of the adjoining building and erection of another upon the premises of the defendants, who, not disputing the damage and the cost of the repairs, claim that not they, but the "wrecker" and the mason, are responsible therefor.   The defendants called the mason as witness, but not the wrecker (actual or supposititious).   Their general superintendent, whose duties Mr. Lapin said were to see that the work was done promptly, testified he made an oral agreement with one Abel to tear down the old building, and remove all the old material, and take care that there would be no damage to the other house.   Upon his direct he answered, "No, sir," to each of four questions—as to whether he in any way interfered with Abel in the performance of his work, whether he directed in any way any of the working people that Mr. Abel employed, whether he gave any directions as to the manner in which these buildings were to be torn down by Mr. Abel, and whether he interfered with his work in any way. Upon cross-examination he said he was around the buildings every day; that it was his duty to see that the work was done; and that, if he found the subcontractor wasn't doing his work right, he would tell him to do it right.   The mason testified to repairing all the damage he did.   That left the defendants accountable for all the damage not to be referred to the wrecker under the auspices of their superintendent, who was there to see that the work was done "promptly."   In that their superintendent, by a slip, is alluded to as one of the defendants, an observation or two of the learned trial justice are not precisely according to the evidence; but the evidence he obviously believed is sufficient to devolve the liability upon the defendants, the testimony for whom may not have commended itself, particularly as it appeared that Lapin refused, when asked, to look at the damage being done, saying that he had as much time to spend in court as had the plaintiff.

Judgment affirmed, with costs.   All concur.